ROSWELL MUNSELL, plaintiff in error, v. WILLIAM H. TEM-
PLE, defendant in error.

*Error to McLean.*

A license to keep a grocery was granted by the County Commissioners' Court
to A. for $25, for which he gave his note with security. Subsequently the
license was changed from A. to B. by the said Court, for which change B.
gave his note for $21·38 to the treasurer of the county: *Held,* that the
treasurer had no authority to take the note to himself in his official capa-
city: *Held,* also, that the payment of the license and the filing of the bond
required by statute in such cases were conditions precedent to the granting
of the license, and that none could be granted for a less sum than twenty
five dollars; and that the note executed by B. was void in law.

As a general rule, where the undertaking upon which a plaintiff relies was
either upon an unlawful consideration, or to do an unlawful act, the contract
is void; and this, whether the contract be illegal as being against the rules of
the common law, or the express provisions or general policy of any particular
statute.

A license to keep a grocery is not transferable. It attaches to the person and
cannot be used by others, even with the consent of the Court which granted it.

AGREED case submitted to the Circuit Court of McLean
county, at the April term 1846, the Hon. Samuel H. Treat
presiding. Judgment for Temple, who was the plaintiff in
the Court below, for $24·68.

The evidence in the case is embraced in the Opinion of
the Court.

*A. Lincoln,* for the plaintiff in error.

The note of Parke was void because the license was not
valid; the money was not paid for it, as required by law.
Besides, it was not a license to the plaintiff, but to Parke,
and it was not legally transferable. Rev. Stat. 342, § 9.

The note given by Munsell to the treasurer was also void.
He could not, in his official capacity, take a note. *Berry* v.
*Hamby,* 1 Scam. 468.

*J. B. Thomas,* for the defendant in error.

This case differs from that of *Berry* v. *Hamby.* In this
case, the word "treasurer" is merely *descriptio personæ.*

The note is perfect in all its parts; it has the proper parties, &c.

If the County Commissioners exceeded their authority, the license is not thereby void. If they give a credit, or take a note for a license, they are personally liable. They have a discretion in the matter.

The Opinion of the Court was delivered by

KOERNER, J.* The parties submitted this case, by agreement, to the decision of the Circuit Court of McLean county, at the April term 1846. The Court rendered judgment for Temple, the plaintiff below, in the sum of $24·68, which decision is now assigned for error.

The following was the evidence produced below. The plaintiff read a promissory note to sustain his action, as follows: "One day after date, I promise to pay William H. Temple, treasurer of said county, (McLean,) twenty one dollars and thirty eight cents, to be paid in county orders or cash, for value received.          R. Munsell."

The defendant, by consent, read the following statement of the county clerk as evidence:

"State of Illinois, ?
McLean County. ‍    Commissioners' Court, March term, 1843. Said Court, at said term, granted to James E. Parke a license to keep a grocery or bar in the town of Bloomington, said grocery to be kept in the Bloomington Hotel, for which said Parke gave a note, with security, for twenty five dollars. And at the June term of said Court, 1843, Roswell Munsell applied to said Court to have his license changed from Parke to him, which change was made by said Court; for which change and transfer of license, the said Munsell gave his note to William H. Temple, treasurer of said county, for the sum of twenty one dollars and thirty eight cents."

The decision of the Court was made upon this evidence, and by the assignment of error the question is presented,

---

* WILSON, C. J. and LOCKWOOD, J. did not sit in this case.

whether the note so given by Munsell to Temple, for the consideration above shown, can be collected by the plaintiff or not.

The first objection is, that Temple, in his capacity of treasurer, had no authority to contract, and cannot therefore sue. In the case of *Berry* v. *Hamby*, 1 Scam. 468, it has been decided, that the treasurer of a county has no authority whatever to take a note payable to himself as Treasurer; that he is not created an artificial person in law, capable of suing as treasurer, and that no suit can be maintained in the name of the "treasurer." In that case, however, the note had been taken to the "treasurer of Alexander county," and no natural person had been named as the payee. In the present case the note is made payable to William H. Temple, and if it were founded on a sufficient consideration, this Court would be inclined to consider the words "treasurer of McLean county" as merely descriptive of the person, and to allow William H. Temple to recover of the defendant.

We will pass now to the question of consideration. The 9th section of the License Act, Rev. Stat. 1845, page 342, provides as follows: "County Commissioners may grant licenses to keep groceries upon the following conditions, to wit: First, the applicant shall pay into the county treasury, for the privilege granted, a sum not exceeding three hundred dollars, nor less than twenty five dollars, in the discretion of the Court. Second, the applicant shall execute bond in the penalty of five hundred dollars, with one or more securities, to be approved by the Court, conditioned that the applicant shall keep an orderly house, and so forth."

The language of this section admits of no doubt that the payment of the license, as assessed by the County Commissioners' Court, and the filing of a proper bond, are conditions precedent to the granting of a license; and also that no license can be legally granted for a less sum of money than twenty five dollars.

The present case shows that Munsell obtained a license for twenty one dollars and thirty eight cents, and also that

he did not pay this amount into the treasury before the license was issued, but gave his note payable at a future day for said sum.

As a general rule, where the undertaking upon which the plaintiff relies, was either upon an unlawful consideration, or to do an unlawful act, the contract is void; and this whether the contract be illegal as being against the rules of the common law, or the express provisions or general policy of any particular statute. It is needless to cite authorities to so well established a principle. I will give, however, one reference, the case of *Wheeler* v. *Russell,* in the 17th Mass. 257, where there is a very full and interesting collection and review of English and American cases upon this subject.

The policy of our legislature has always been to restrain the selling of spirituous liquors by retail. The section referred to is conceived in this spirit, and prohibits, in language not to be misunderstood, the County Commissioners from issuing a license unless the conditions prescribed by law have been previously complied with.

In requiring less than twenty five dollars, the County Commissioners must have acted upon the idea that licenses are transferable, and that they might be granted for the residue of a term. But this is a mistake. Licenses attach to the person, and cannot be used by others, even with the consent of the Court, for what remains of the annual term for which they have been originally given. It is a plain violation of the express letter of the statute to issue a license on credit, and the undertaking of Munsell to pay was consequently founded on a contract against the express provisions and the general policy of the statute, and was therefore void in law, and cannot be enforced.

The judgment of the Court below is reversed with costs.

*Judgment reversed.*